UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LEE D. WEISS,<br>FAMILY ENDOWMENT PARTNERS, LP,<br><br>Defendants,<br><br>and<br><br>MIP GLOBAL, INC., f/k/a MOSAIC INVESTMENT PARTNERS, INC.,<br>MOSAIC ENTERPRISES, INC.,<br>MOSAIC INVESTMENT PARTNERS, INC.,<br>WEISS CAPITAL REAL ESTATE GROUP, LLC,<br><br>Relief Defendants. | Civil Action No. 15-13460-IT |

**FINAL JUDGMENT AS TO ALL DEFENDANTS AND RELIEF DEFENDANTS**

The Securities and Exchange Commission having filed a Complaint, and defendants Lee D. Weiss and Family Endowment Partners, LP ("FEP") (collectively, "Defendants") and relief defendants MIP Global, Inc. ("MIP Global"), Mosaic Enterprises, Inc. ("Mosaic Enterprises"), Mosaic Investment Partners, Inc. ("Mosaic"), and Weiss Capital Real Estate Group, LLC ("Weiss Capital") (collectively, "Relief Defendants") having entered general appearances; consented to the Court's jurisdiction over Defendants and Relief Defendants and the subject matter of this action; consented to entry of this Final Judgment, without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise

provided herein in Section VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Weiss and FEP are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Weiss and FEP are permanently restrained and enjoined from violating Section 17(a)

of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Weiss and FEP, while acting as investment advisers, are permanently restrained and enjoined from violating Sections 206(1), (2), and (3) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1), (2), and (3)] by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud any clients or prospective clients;

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any clients or prospective clients; or

(c) knowingly to sell, while acting as principals for Defendants' own accounts, any security or to purchase any security from a client without disclosing to such client in writing before the completion of such transaction the capacity in which they are acting and obtaining the consent of the client to such transaction.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Weiss and FEP, while acting as investment advisers and engaged in the business of advising a pooled investment vehicle for compensation as to the advisability of investing in, purchasing, or selling securities, are permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(b) to otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative, with respect to any investor or prospective investor in the pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, while engaged in the business of advising a pooled investment vehicle for compensation as to the advisability of investing in, purchasing, or selling securities and while having custody of client funds or securities, Defendants Weiss and FEP are permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Advisers Act Rule 206(4)-2 thereunder [17 C.F.R. § 275.206(4)-2] by using the mails or any means or instrumentality of interstate commerce, directly or indirectly, and failing to comply with the terms and conditions of Rule 206(4)-2 [17 C.F.R. § 275.206(4)-2].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant FEP is permanently restrained and enjoined from violating, and Defendant Weiss is permanently restrained and enjoined from knowingly or recklessly providing substantial assistance to violations of, Section 204(a) of the Advisers Act [15 U.S.C. § 80b-4(a)] and Rule 204-1(a) thereunder [17 C.F.R. § 275.204-1] by failing to update Form ADV pursuant to the rules and instructions issued by the Commission, while they are acting as investment advisers and making use of the mails or of any means or instrumentality of interstate commerce in connection with such investment advisory business.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Weiss and FEP are jointly and severally liable for disgorgement of $8,436,766, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $126,697.94, for a total of $8,563,463.94 ("Disgorgement Amount"), provided, however, that this amount may be offset on a dollar-for-dollar basis by any payments by Relief Defendants of their obligations under this Final Judgment as set forth immediately below.

Each Relief Defendant is separately liable as follows:

- Relief Defendant MIP Global is liable for disgorgement of $6,500,000, together with prejudgment interest thereon in the amount of $97,612.83, for a total obligation of $6,597,612.83. This obligation shall be satisfied upon payment by MIP Global to the SEC of $6,597,612.83 or by satisfaction of the total Disgorgement Amount through any combination of payments to the SEC by Defendants or Relief Defendants.

- Relief Defendant Mosaic Enterprises is liable for disgorgement of $1,020,000, together with prejudgment interest thereon in the amount of $15,317.71, for a total of $1,035,317.71. This obligation shall be satisfied upon payment by Mosaic Enterprises to the SEC of $1,035,317.71 or by satisfaction of the total Disgorgement Amount through any combination of payments to the SEC by Defendants or Relief Defendants.

- Relief Defendant Mosaic is liable for disgorgement of $307,647, together with prejudgment interest thereon in the amount of $4,620.05, for a total of $312,267.05. This obligation shall be satisfied upon payment by Mosaic to the SEC of $312,267.05 or by satisfaction of the total Disgorgement Amount through any combination of payments to the SEC by Defendants or Relief Defendants.

- Relief Defendant Weiss Capital is liable for disgorgement of $342,021, together with prejudgment interest thereon in the amount of $5,136.25, for a total of $347,157.25. This obligation shall be satisfied upon payment by Weiss Capital to the SEC of $347,157.25 or by payment of the total Disgorgement Amount

7

collectively by Defendants through any combination of payments to the SEC by Defendants or Relief Defendants.

In addition, pursuant to Section 20(d) of the Securities Act, Section 21(d)(3) of the Exchange Act, and Section 209(e) of the Advisers Act [15 U.S.C. §§ 77t(d), 78u(d)(3), and 80b-9(e)], Defendant Weiss is liable for a civil penalty in the amount of $1 million, and Defendant FEP is liable for a civil penalty of $500,000.

Defendants and Relief Defendants shall satisfy these obligations by paying the above-stated amounts to the Securities and Exchange Commission within 180 days after entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendants and Relief Defendants shall contact the Commission for the amount due for the final payment.

Defendants and Relief Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants and Relief Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Lee D. Weiss and Family Endowment Partners, LP as defendants in this

action or MIP Global, Inc., Mosaic Enterprises, Inc., Mosaic Investment Partners, Inc., and Weiss Capital Real Estate Group, LLC as relief defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants and Relief Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants and Relief Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants or Relief Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 180 days following entry of this Final Judgment. The Commission shall hold the funds, together with the civil penalties and any interest and income earned thereon (collectively, the "Available Funds").

If the Commission concludes that the Available Funds are sufficient for a distribution to be practicable, the Commission shall propose to the Court a plan to distribute the Available Funds to affected investors. Defendants shall provide all assistance necessary and appropriate for the Commission to formulate such a plan, including, but not limited to, providing the Commission with access to any and all documentation, files, and other materials that the Commission requests in connection with formulating a distribution plan. Such a plan may provide that the Available Funds shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended. The Court shall retain jurisdiction over the administration of any distribution of the Available Funds. In the event the Commission concludes that a distribution of the Available Funds to affected investors would not

be practicable and reasonable, the Commission shall propose to the Court that the Available Funds be transferred to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of civil penalties in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, and solely as between the Commission, Defendants, and Relief Defendants, the allegations in the Complaint are true and admitted by Defendant Weiss, and further, any debt for disgorgement,

10

prejudgment interest, civil penalties, or other amounts due by Defendant Weiss under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Weiss of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: June 20, 2016

_____
INDIRA TALWANI
UNITED STATES DISTRICT JUDGE