UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * * * | |
| Plaintiff, | * * | |
| | * | Civil Action No. 15-cv-13460-IT |
| v. | * * | |
| LEE DANA WEISS; FAMILY ENDOWMENT PARTNERS, LP; MIP GLOBAL, INC. f/k/a MOSAIC INVESTMENT PARTNERS, INC.; MOSAIC ENTERPRISES, INC.; MOSAIC INVESTMENT PARTNERS, INC.; WEISS CAPITAL REAL ESTATE GROUP, LLC, | * * * * * * * * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

September 20, 2019

TALWANI, D.J.

I.   Introduction

As set forth below, <u>Jennifer H. Hawthorne's Limited Motion to Intervene and to Quash/Modify Continuing Writ of Garnishment and Memorandum in Support Thereof</u> [#77] ("Hawthorne Mot.") in this action (the "SEC action") is DENIED as untimely.

II.   Background

Beginning in 2009, Defendant Lee Dana Weiss acted as an investment advisor for Applicant in Intervention, Jennifer Hawthorne. Hawthorne Aff. ¶ 2 [#79]. In March 2015, Weiss informed Hawthorne that he "had been accused of perpetrating several schemes to defraud clients[.]" Id. at ¶ 6. In September 2015, Plaintiff Securities and Exchange Commission ("SEC") initiated the SEC action by filing a complaint against Weiss related to those schemes, alleging

that Weiss and his company, Family Endowment Partners, LP ("FEP"), engaged in fraudulent conduct, in violation of 15 U.S.C. §§77q(a)(1-3), 77j(b)(5), 80b-6(1-5) and 17 C.F.R. §§ 240.10b-5, 275.206(4)-2, 275.206(4)-8, 204-1(a)(1). Compl. [#1]. The complaint also named a number of other entities as Relief Defendants, including Mosaic Investment Partners, Inc. ("MIP") and MIP Global, Inc. ("MIP Global"). Id. During the litigation, the SEC was in contact with alleged victims of the fraud, including Hawthorne's counsel. See SEC's Sur-Reply, Attachment 1, Declaration of Stacy L. Bogert ("Bogert Decl.") [#95-1].

On February 4, 2016, the SEC gave notice that SEC staff had reached a settlement in principle with Defendants and Relief Defendants that would resolve the claims in the case, see Joint Motion to Continue Scheduling Conference in Light of Parties' Tentative Agreement to Settlement Terms [#29], and the court stayed the action for sixty days. Elec. Order. [#30].

On March 3, 2016, the SEC gave notice here of a potentially related case in which the plaintiff had sought a temporary restraining order. Notice [#33]. In that case, Lauring et al. v. Weiss et al., 16-cv-40015-TSH (D. Mass.), a temporary restraining order was entered on that date, in which the court found that the plaintiff had shown, inter alia, that unless the defendants (including Weiss, MIP and MIP Global) were restrained, these defendants "may dissipate and conceal assets." See Lauring et al. v. Weiss et al., 16-cv-40015-TSH (D. Mass.), Temporary Restraining Order [#23] at 2. These defendants were enjoined from transferring, pledging or in any way disposing or distributing any interests or assets they held, except as would be permitted in the SEC action or two related pending actions before this court. Id. ¶¶1-5. The TRO was subsequently extended until April 21, 2016. Lauring et al. v. Weiss et al., 16-cv-40015-TSH (D. Mass.), Amendments to Temporary Restraining Order [#54] at 1-2.

On April 1, 2016, the SEC and Weiss moved to further stay the SEC action for an additional 60 days, stating that "[t]he settlement in principle previously reported by the parties remains in effect." Joint Motion to Stay [#34]. The court granted this request on April 5, 2016.

On April 9, 2016, while the TRO issued in the Lauring case and the stay based on the "settlement in principle" in the SEC action were both in effect, Weiss, on his own behalf and on behalf of MIP, MIP Global and others, and Hawthorne executed an assignment and security agreement (hereinafter the "Agreement"). Hawthorne Aff., Ex. C ("Agreement") [#79-3]. The document's "whereas" clauses explained that "MIP [had] an equity interest in "a registered broker-dealer by the name of Stillpoint Capital, LLC ("Stillpoint")," and that that"MIP Global, MIP, and Weiss have agreed to grant Hawthorne a security interest and assign to Hawthorne any payments, distributions or other amounts Weiss is entitled to receive from or in respect of his interest in Stillpoint[.]" Id. at 1. The Agreement provided that: "Weiss consents to the grant of a security interest in all net proceeds, distributions and other payments subsequently received from or with respect to Stillpoint"; "Weiss shall hereinafter instruct Stillpoint . . . to pay directly to Hawthorne" referenced amounts; and "the Agreement was intended as a transfer and present assignment of . . . Weiss's interest in Stillpoint." Id. ¶¶ 1, 6. On June 20, 2016, in accordance with the parties' expressed interest, the court entered a Final Judgment as to All Defendants and Relief Defendants ("Final Judgment") [#55] in the SEC action, restraining, enjoining, and holding liable Weiss, MIP Global, MIP, and other Relief Defendants.

On July 7, 2017, upon SEC application, the court issued a Post-Judgment Continuing Writ of Garnishment [#63] to Stillpoint, directing it to withhold and retain any property in its control that Weiss had a present or future interest in. Stillpoint answered that it "ha[d] or anticipated having future possession, custody or control of non-earnings property in which

Defendants may or will have an interest, to wit: Buyout of MIP Global, Inc.'s interest as a disassociated member of Stillpoint Capital, LLC, with an approximate value of $80,000 less expenses." Answer of Garnishee, Stillpoint at 2 [#65].

On October 22, 2018, the SEC sought a Post-Judgment Continuing Writ of Garnishment [#70] directing Stillpoint to withhold and retain any property in its control in which MIP Global had a present or future interest. The court issued the writ on October 26, 2018 [#73], and the garnishee reiterated MIP Global's interest in Stillpoint. Answer of Garnishee, Stillpoint at 2-3 [#83].

During the week of October 22, 2018, Hawthorne reviewed her Agreement. Hawthorne Aff. ¶ 15. On October 31, 2018, Hawthorne and Weiss (on his own behalf and on behalf of MIP, MIP Global and other entities) made changes to the Agreement, and signed an Acknowledgement and Agreement asserting that "they have corrected certain scrivener's errors and clarified certain provisions in the Agreement . . . in order to reflect the Parties' original intent in executing the Agreement. Hawthorne Aff., Ex. D ("Amended Agreement") [#79-4]. According to the Amended Agreement, MIP Global, rather than MIP, has an equity interest in Stillpoint. Amended Agreement [#79-4] at 3. Also, in the Amended Agreement each reference to Weiss's interest in Stillpoint was changed to "they" or "their" interest. Id. at 1, and ¶¶ 1, 6.

On November 5, 2018, Hawthorne moved to intervene and quash or modify the Post-Judgment Continuing Writ of Garnishment [#73]. Hawthorne Mot. [#77].

III. Analysis

Federal Rule of Civil Procedure 24 permits intervention where certain factors are met, including that a motion is timely. Fed R. Civ. P. 24(a)("[o]n timely motion . . .") and (b)(same). "A motion to intervene is timely if it is filed promptly after a person obtains actual or

constructive notice that a pending case threatens to jeopardize [their] rights." R&G Mortgage Corp. v. Federal Home Loan Mortgage Corp., 584 F.3d 1, 8 (1st Cir. 2009) (citations omitted). When determining if a motion is timely, the court considers "when the intervenor became aware that his interest in the case would no longer be adequately protected by the [existing] parties." Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d 1227, 1231 (1st Cir. 1992) (quoting Public Citizen v. Liggett Grp., 858 F.2d 775, 785 (1st Cir. 1988)). Where a judgment has already been issued, the court views "intervention with a jaundiced eye." Id.; see also In re Efron, 746 F.3d 30, 35 (1st Cir. 2014) (Timeliness "is the sentinel that guards the gateway to intervention."). "[E]ven in the case of a motion to intervene as of right, the district court's discretion is appreciable, and the timeliness requirement retains considerable bite." R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 8 (1st Cir. 2009).

"[A] party must move to protect its interest no later than when it gains some actual knowledge that a measurable risk exists." Banco Popular de Puerto Rico, 964 F.2d at 1231 (citations omitted). Hawthorne had that "actual knowledge" when she executed the Agreement on April 9, 2016, well before judgment was entered on June 20, 2016. When Hawthorne executed the Agreement with Weiss, on behalf of himself, MIP, and MIP Global, Hawthorne knew that the SEC was engaged in litigation to recover assets from Weiss, MIP, and MIP Global to pay victims of Weiss's fraud. If Hawthorne did not appreciate the risk to Weiss, MIP, and MIP Global's interests at the time she executed the agreement, she certainly knew of the risk to these assets when the court entered Final Judgment [#55] on June 20, 2016. At that time, Hawthorne knew that Weiss was liable for a total of $8,563,463.94, that MIP Global was liable for $6,597,612.83 of the total, and that MIP was liable for $312,267.05 of the total. In short, in 2016, Hawthorne knew that she held an interest in money owed by Stillpoint to defendants in the SEC

action, and these defendants, in turn, owed the SEC substantial sums, and that the SEC was empowered to collect that money through "civil contempt…and/or through other collection procedures authorized by law." See Final Judgment at 9 [#55].

Hawthorne contends that she was not on notice that her interests were at risk until the court's most recent Post-Judgment Continuing Writ of Garnishment [#73] because the "SEC's lawsuit did not pose any risk to [her] interests." Hawthorne Reply Br. at 4 [#88]. However, Hawthorne does not offer anything to support this argument. Hawthorne did not receive a general interest in Stillpoint, which would not necessarily be subject to garnishment as a result of this litigation. Rather, in the most generous reading of the Agreement, Hawthorne specifically sought MIP, MIP Global, and Weiss's interests in Stillpoint, which would almost certainly be at risk in litigation pursuing each of those parties' assets. Indeed, the SEC updated Hawthorne's counsel on the SEC's efforts to secure the Defendants and Relief Defendants' assets to pay victims of Weiss's fraud.

The court therefore finds that Hawthorne knew or had reason to know that her interests were at risk no later than when the court entered Final Judgment [#55] in this case in June of 2016. Hawthorne did not move to intervene until November of 2018, rendering Hawthorne's motion untimely.

IV.  Conclusion

Accordingly, Jennifer H. Hawthorne's Limited Motion to Intervene and to Quash/Modify Continuing Writ of Garnishment and Memorandum in Support Thereof [#77] is hereby DENIED as untimely.

IT IS SO ORDERED.

Date:   September 20, 2019                                         /s/ Indira Talwani_____
                                                                   United States District Judge